## 11389

### *EX PARTE* WALLACE & BARRON *ET AL., IN RE* COLEMAN *ET AL.*

#### (120 S. E., 756)

Costs—Clerk of Court of Common Pleas Authorized to Tax Disbursements in Supreme Court Though Proceeding Begun in Probate Court.—Where a proceeding originated in the probate

Court, and successive appeals were taken to the Court of Common Pleas and the Supreme Court, and the remittitur of the Supreme Court went to the Court of Common Pleas, *held,* that the clerk of the Court of Common Pleas has jurisdiction to tax the costs and disbursements of the Supreme Court.

Before JOHNSON, J., Union, February, 1923.   Affirmed.

Petition of William Coleman and F. M. Farr, executors of the will of Anne E. Rice, deceased, and others.   From an order refusing to set aside a taxation of costs, Wallace & Barron and the estate of George S. Mower, deceased, appeal.

The Circuit Decree was as follows:

This matter comes before me on exceptions and notice to set aside and declare null and void the taxation of the costs in the Supreme Court by the Clerk of this Court.   It appears that Wallace & Barron and Geo. S. Mower filed their petitions in the above-entitled proceedings to recover a fee of $5,000 each against the executors, and that the said executors be allowed to pay the same out of the estate trust fund in their hands set aside for the payment of the proper expenses of winding up the estate.   After full hearing, all parties being represented, the Probate Court allowed Wallace & Barron a fee of $5,000 and authorized the executors to pay the same out of the estate funds in their hands, as above stated, but disallowed the fee of Geo. S. Mower. The executors and all parties but Wallace & Barron appealed to the Circuit Court, and the case was heard by Judge Mendel L. Smith, who sustained the Probate Court as to the fee of Wallace & Barron, but reversed the Probate Decree as to Geo. S. Mower, and allowed him a fee of $2,000, and authorized the executors to pay the same out of the estate funds in their hands, set aside for legitimate expenses.   From this decree parties entitled to three-sevenths of the estate appealed to the Supreme Court by their attorney, J. E. McDonald, upon the ground that the Circuit Court erred in directing any part of the fee to be paid out of their interest or part of the estate in the hands of the

executors.    All other parties acquiesced in the decree, and notice of appeal was served on all parties to the proceeding. On the appeal, the Supreme Court, sustaining the decree in every other respect, reversed it as to the three-sevenths interest of the appellants, adjudging that no part of said fees could be paid by the executors out of the estate trust fund in their hands, belonging to the parties appellant, three-sevenths interest therein.

On the 11th day of June, 1919, McDonald & McDonald, attorneys, served notice on all parties that they would move before the Clerk of the Circuit Court to tax the costs and disbursements in the Supreme Court against the respondents in the above-stated proceedings.    On the day appointed and set Wallace & Barron and Geo. S. Mower appeared, and objected to the jurisdiction and authority of the clerk to adjudge and tax the costs against respondents, contending that only the Probate Court could do that, especially as equities were involved in the taxation and adjudging of costs against the parties, and that no order or authority had been given by that Court to him.    The clerk overruled this plea and grounds of objection, and taxed the costs and disbursements in the Supreme Court against respondents, Wallace & Barron and Geo. S. Mower.    These parties, on the announcement of this ruling of the clerk, duly excepted, and gave notice that they would appeal to the Circuit Court, and move to set aside and annul the said taxation with the grounds therefor.    The appeal and motion are based on several grounds, but the only one pressed is, that the Clerk of the Court of Common Pleas is without jurisdiction or authority to adjudge and tax the costs and disbursements of the Supreme Court, in a proceeding like this, originating in the Probate Court, and which must be finally settled there, where the equities of the parties can be adjusted.    The matter was argued *pro* and *con,* and at considerable length, and, after hearing the whole matter, I am persuaded and satisfied that the Clerk of this Court has the

power and authority to adjust and tax the costs of the Supreme Court in this matter.

Therefore the motion to set aside and annul the said taxation of costs by the clerk is refused and dismissed.

*Mr. J. Clough Wallace,* for appellant, cites: *Powers of Probate Court:* 24 S. C., 328; Code Proc., 1912, Sec. 40; 5 Enc. Pl. & Pr., 114; 115. *Probate Court has power to tax costs in cases before it:* Code Proc., 1912, Secs. 74 and 75; and as its clerk; Id. Sec. 40, 41. *After appeal to the Supreme Court remittitur should go back to the Probate Court:* Id., 68. *Only Court where final proceedings are had can tax costs:* 5 Enc. Pl. & Pr., 115; 39 N. Y. Sup. Ct., 205.

*Messrs. McDonald & McDonald,* for respondent, cite: *Case went to Supreme Court on appeal from Common Pleas and that Court should tax costs:* 1 Civil Code, 1912, Sec. 4204, 4207; Code Proc., 1912, Sec. 361; 43 S. C., 262; 108 S. C., 429; 114 S. C., 196; Code Proc., 1912, Sec. 365, 370; Sec. 11 Subdv. 1. *No direct appeal from Probate Court to Supreme Court:* Code Proc., 1912, Secs. 61 and 62. *Clerk of Circuit Court proper officer to tax costs in this case:* 2 Hill., 555; Code Proc., 1912, Sec 365.

January 3, 1924.

The opinion of the Court was delivered by Mr. Justice Cothran.

Appeal from an order of the Circuit Court refusing to set aside the taxation of costs by the Clerk of the Court of Common Pleas against the appellants, Wallace & Barron, and the estate of George S. Mower, deceased. The history of the litigation is set forth in the order of the Circuit Judge. Let it be reported. The conclusions of the Circuit Judge are entirely satisfactory. The remittitur from this Court went to the Circuit Court, where orders in conformity with the judgment should have been and doubtless were taken.

It was entirely proper, therefore, for the Clerk of that Court to tax the appeal costs.

The judgment of this Court is .that the order appealed from be affirmed.